**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Terrance T. WASHINGTON
Defendant–Appellant.**

No. 03–3945.

United States Court of Appeals,
Seventh Circuit.

Submitted March 25, 2004.

Decided March 25, 2004.

K. Tate Chambers, Office of the United States Attorney, Peoria, IL, for Plaintiff–Appellee.

Terrance T. Washington, Federal Correctional Institution, Waseca, MN, for Defendant–Appellant.

Before POSNER, DIANE P. WOOD, and WILLIAMS, Circuit Judges.

## ORDER

Pursuant to an oral plea agreement Terrance T. Washington pleaded guilty to possession of more than five grams of cocaine base with intent to distribute, 21 U.S.C. § 841(a)(1). The district court sentenced him to 10 years' imprisonment, an eight-year term of supervised release, and a $100 special assessment. Washington filed a notice of appeal, but his appointed lawyer moves to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Because counsel's brief is facially adequate, we limit our review to the potential issues counsel identifies along with those in Washington's response filed under Circuit Rule 51(b). *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam). We conclude that those potential issues are frivolous and thus grant counsel's motion to withdraw and dismiss Washington's appeal.

Police in Galesburg, Illinois, suspected that Washington, along with several cohorts, was running a drug operation out of a house in the city. After surveilling the house from October to December 2001, police officers executed a search warrant on December 19. The officers located Washington in one of the bedrooms, where they handcuffed him and advised him of the search warrant. Washington told the officers that "everything" was in a pair of white pants lying beside the bed. When the officers searched the pockets of the pants, they uncovered what was later determined to be a little less than 10 grams of crack cocaine and a small quantity of marijuana, as well as a large amount of currency. The officers also discovered an unloaded, .38 caliber revolver underneath the bed near the headboard. After receiving *Miranda* warnings, Washington admitted during an interview at the station that the crack and marijuana belonged to him but denied knowing the gun was in the bedroom.

A grand jury charged Washington with possession of more than five grams of crack with intent to distribute, possession of a firearm during and in relation to a drug trafficking crime, and possession of a firearm by a felon. The United States Attorney's Office then filed a notice of intent under 21 U.S.C. § 851 to use evidence of Washington's prior conviction for possession of a controlled substance (for which he received two years' probation under 720 Ill. Comp. Stat. 570/410) to enhance his sentence on the crack charge. Defense counsel moved to suppress the evidence found during the search, but the district court denied the motion after holding two evidentiary hearings. In a superceding indictment, the grand jury added to the charges against Washington a count of conspiracy to distribute crack.

Later, pursuant to an unconditional, oral plea agreement, Washington pleaded guilty to the drug possession count in exchange for dismissal of the others. The probation officer calculated in the presentence investigation report (PSR) a base offense level of 34 under U.S.S.G. § 2D1.1 and a Criminal History Category of III. When calculating the total drug amount attributable to Washington as relevant conduct, the probation officer relied upon statements from Emanuel Carson (a runner for Washington who delivered drugs to

the undercover agent), as well as other participants in the drug operation and confidential sources. After adding two levels under § 2D1.1(b)(1) for possession of a firearm and subtracting three levels under U.S.S.G. § 3E1.1 for acceptance of responsibility, the probation officer recommended a sentencing range of 168 to 210 months.

Counsel for Washington filed objections to the PSR. He first argued that Carson and the other witnesses overstated the amounts of crack that should have been attributed to Washington as relevant conduct. Second, counsel objected to the two-level adjustment for Washington's alleged possession of a firearm, which Carson had also corroborated. After the government conceded that Carson was not a reliable witness and agreed to Washington's objections, the district court sustained both of them, which lowered the total offense level to 23. The resulting sentencing range was 57 to 71 months. However, the statutory minimum penalty under 21 U.S.C. § 841(b)(1)(B) for a defendant with a prior conviction for a felony drug offense is 10 years. The district court counted Washington's state conviction as a felony drug offense and imposed this mandatory minimum.

■ In his *Anders* brief counsel contemplates raising a violation of Federal Rule of Criminal Procedure 11 as a potential ground for appeal. Counsel represents that Washington does not seek to unwind his plea and therefore would argue that our decision in *United States v. Knox*, 287 F.3d 667, 671 (7th Cir.2002), forecloses inquiry into a possible violation of Rule 11. However, Washington's response, which asks us to set aside his conviction, suggests that he indeed wants out from under his guilty plea. Hence, we consider whether the district court complied with Rule 11 during Washington's plea colloquy and find that the district court did so.

The court advised that pleading guilty waives a defendant's rights to confront and cross-examine witnesses, to be represented at trial by counsel, to be presumed innocent, to not testify, and to be tried by a jury. After discussing the consequences of perjury, the court questioned whether Washington was under the influence of any drugs, alcoholic beverages, or medications or had recently been treated for mental illness. The court also ensured that the plea was voluntary, that there was a factual basis for the offense, and that Washington understood the nature of the charge, including the mandatory minimum and maximum possible prison penalty, any possible fines, the term of supervised release and its meaning, the court's obligation to apply the sentencing guidelines, and its discretion to depart from those guidelines under some circumstances. In addition the court asked Washington whether he was satisfied with counsel's representation. Given this thorough colloquy, any argument on this ground would be frivolous.

■ In his Rule 51(b) response, Washington asserts that he discovered that the police officers involved in his arrest are now defendants in an unrelated civil rights lawsuit but he does not explain how the lawsuit would affect his conviction. Washington also contends incorrectly that the district court never ruled on his motion to suppress. In any event, these arguments would go nowhere because Washington waived his right to litigate these issues when he entered an unconditional plea of guilty. *See United States v. Galbraith*, 200 F.3d 1006, 1010 (7th Cir.2000).

■ With regard to potential errors made by the district court during sentencing, the court agreed with counsel's only two objections, ultimately lowering the presumptive guideline imprisonment range to below the mandatory minimum required by § 841(b)(1)(B). When the mandatory

minimum sentence under the statute exceeds the possible sentence under the guidelines, the statute controls and the mandatory minimum becomes the guideline sentence. U.S.S.G. § 5G1.1(b); *United States v. Hernandez,* 79 F.3d 584, 598 n. 9 (7th Cir.1996). Washington responds that his uncompleted sentence of probation under 720 Ill. Comp. Stat. 570/410 should not have been used to increase the statutory minimum penalty under § 841(b)(1)(B) because, he says, the offense was a misdemeanor. However, 720 Ill. Comp. Stat. 570/410 is only a sentencing statute providing first-time offenders with the opportunity to have the charge dismissed upon successful completion of probation; Illinois classifies the underlying offense committed by Washington (possession of less than 15 grams of cocaine) as a felony. *See* 720 Ill. Comp. Stat. 570/402(c). Moreover, federal law defines what constitutes a felony. *See United States v. Graham,* 315 F.3d 777, 783 (7th Cir.2003); *United States v. Gomez,* 24 F.3d 924, 930 (7th Cir.1994). And we have specifically held that whether probation is imposed under 720 Ill. Comp. Stat. 570/410 does not affect whether an offense counts as a prior felony conviction under § 841(b). *See Graham,* 315 F.3d at 783; *United States v. McAllister,* 29 F.3d 1180, 1185 (7th Cir.1994). Thus, it would be frivolous to argue that the court erred in imposing the sentence.

■ In his response, Washington also notes that he wishes to argue that counsel rendered ineffective assistance based on trial preparation and strategy. We have said, however, that ineffective assistance claims are better saved for collateral review where the record is directed toward examining the reasons underlying trial counsel's choices and tactics. *See United States v. Rezin,* 322 F.3d 443, 445 (7th Cir.2003). A motion under 28 U.S.C. § 2255 is the appropriate vehicle to raise any argument about counsel's performance.

■ Finally, Washington wishes to assert that the Bureau of Prisons (BOP) erroneously classified his offense as a crime of violence and thus improperly determined that he is ineligible for early release upon completion of a substance abuse program. According to Washington, the BOP counted against him the probation officer's recommended two-level adjustment for possession of a firearm even though the district court ultimately sided with him and refused to apply the adjustment. Regardless whether the BOP erred in considering this adjustment, Washington would be challenging the execution of his sentence, not the sentence itself, so to contest the BOP's action he would need to petition for relief under 28 U.S.C. § 2241 after exhausting his administrative remedies. *See Muhammad v. Close,* — U.S. —, —, 124 S.Ct. 1303, 1304, 158 L.Ed.2d 32 (2004) (per curiam) (challenges to the duration of confinement are the province of habeas corpus); *Walker v. O'Brien,* 216 F.3d 626, 633 (7th Cir.2000); *Clemente v. Allen,* 120 F.3d 703, 705 (7th Cir.1997).

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.