**Gerald W. CLEMENTE,
Plaintiff–Appellant,**

v.

**Troy ALLEN, et al., Defendants–
Appellees.**

**No. 97–1104.**

United States Court of Appeals,
Seventh Circuit.

Submitted June 25, 1997.[*]

Decided July 22, 1997.

---

[*] On the appellees' motion for an order of noninvolvement on appeal due to lack of service in the district court, this court concluded that there were no appellees to be served in this appeal and that the appeal would be submitted without the filing of a brief by any appellee. After an examination of the brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the brief and the record. *See* Fed. R.App. P. 34(a); Cir. R. 34(f).

Gerald W. Clements (submitted), Terre Haute, IN, Pro Se Plaintiff–Appellant.

Before CUMMINGS, BAUER, and DIANE P. WOOD, Circuit Judges.

PER CURIAM.

*Pro se* litigant, Gerald W. Clemente, a federal prisoner incarcerated at the United States Prison in Terre Haute, Indiana, brought this action against the defendants under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The district court dismissed the action without prejudice on the basis of *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Clemente also filed an "order for mandamus" contending that his sentence had been miscalculated by the Federal Bureau of Prisons. Clemente's submission was construed as a request for habeas corpus relief and was denied because he had not alleged the exhaustion of his administrative remedies. Clemente then filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e), *see United States v. Deutsch,* 981 F.2d 299, 300–01 (7th Cir.1992), which the district court also denied. Clemente appeals and we affirm.

Clemente pleaded guilty to federal racketeering charges under 18 U.S.C. § 1962. He had been recently convicted of a state bank burglary in Massachusetts, which was referenced in his federal plea agreement. The plea agreement reflected the parties' recommendation that the state and federal sentences run concurrently. However, the plea agreement clearly indicated that the sentence was within the sole discretion of the sentencing judge. The district court sentenced Clemente to 15 years' incarceration on the federal charge to run consecutively to the 30–to–40 year state sentence. Clemente believed that his sentences should run concurrently and argues that the Bureau of Prisons calculated his sentence improperly. Clemente filed this action seeking damages for the miscalculation of his sentence.

We first address Clemente's "order for mandamus" requesting immediate release from incarceration due to the Bureau of Prison's alleged miscalculation of his sentence. The district court considered Clemente's motion as a petition for a writ of habeas corpus and denied relief. The district court based its decision on the precept that Clemente had not alleged the exhaustion of his administrative remedies. The court dismissed Clemente's "order for mandamus" without prejudice so that Clemente could renew his request to be released when

his administrative remedies had been exhausted.

The district court properly considered Clemente's request as a petition for habeas corpus, as challenges to the computation of a sentence must be brought under 28 U.S.C. § 2241. *Carnine v. United States*, 974 F.2d 924, 927 (7th Cir.1992). However, we review a claim concerning the computation of a sentence only after administrative remedies have been exhausted. *Id.* Reviewing the district court's legal conclusion *de novo, Bocian v. Godinez*, 101 F.3d 465, 468 (7th Cir.1996), we conclude that because Clemente failed to allege the exhaustion of his administrative remedies, denial of his petition was proper.

Addressing the *Bivens* claim, we conclude that the district court properly determined that Clemente's claim was barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, the Supreme Court ruled that in order to recover damages under 42 U.S.C. § 1983 for an allegedly unconstitutional conviction or imprisonment or for "other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the prisoner must show that the sentence had been previously invalidated, *i.e.*, "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87, 114 S.Ct. at 2372.

Although there is no published Seventh Circuit case addressing whether *Heck* applies to *Bivens* actions, other circuits have held that the *Heck* rationale applies not only to § 1983 actions, but to *Bivens* actions as well. *See, e.g., Martin v. Sias*, 88 F.3d 774, 775 (9th Cir.1996) (section 1983 and *Bivens* actions identical except for the requirement of a state actor under § 1983 and federal actor under *Bivens*); *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C.Cir.1996) (bodies of law relating to § 1983 and *Bivens* actions have been assimilated in most respects); *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir.1995) (same rationales apply to § 1983 and *Bivens* actions, including *Heck*); *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir.1995) (similarity between § 1983 and *Bivens* actions extends to *Heck* analysis); *Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir.1994) (no distinction between state and federal prisoners in analysis of *Bivens* and § 1983 actions). We agree and will apply the *Heck* analysis to Clemente's *Bivens* action.

Clemente is challenging his sentence based on his understanding that the plea agreement required that his state and federal sentences should run concurrently. Granting Clemente's request would imply the invalidity of his sentence because he is challenging the duration of his confinement. *See Rooding v. Peters*, 92 F.3d 578, 580–81 (7th Cir.1996). However, because Clemente's sentence has not been declared invalid or expunged, his *Bivens* action is barred. His action may accrue if he eventually succeeds in his habeas petition challenging the computation and duration of his sentence. *See id.* at 581. At this juncture, however, his sentence has yet to be invalidated.

The district court also denied Clemente's motion to reconsider under Federal Rule of Civil Procedure 59(e). The decision to deny such relief is reviewed deferentially. *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995). Rule 59(e) enables the district court to correct its own errors based on newly discovered evidence or manifest errors of law. *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995). Citing to an abundance of irrelevant case law, Clemente asserts that the district court misinterpreted his claim. We conclude that the district court did not err in denying the motion because Clemente did not allege or establish any newly discovered evidence or manifest errors of law. For the foregoing reasons, the judgment of the district court is AFFIRMED.[1]

---

**1.** This appeal is not a strike under 28 U.S.C. § 1915(g) due to lack of published Seventh Cir-

cuit law regarding the applicability *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) to *Bivens* actions. We note the applicability of *Heck* is still evolving. *See, e.g., Edwards v. Balisok*, —— U.S. ——, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (reversing Ninth Circuit's judgment that claims challenging procedures used in disciplinary hearings are a cognizable under 42 U.S.C. § 1983).