151 F.3d 1032
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Roosevelt CLAY, Plaintiff-Appellant,
v.
William BROWN, et al., Defendants-Appellees.
 No. 97-1845.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 13, 1998.*
Decided July 24, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 96 C 5644 James B. Zagel, Judge.
 Before Hon. WALTER J. CUMMINGS, Hon. ILANA DIAMOND ROVNER, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Pro se petitioner, Roosevelt Clay, a federal prisoner incarcerated at the United States Prison in Joliet, Illinois, brought this civil action against the defendants for violating his constitutional rights. Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1] The district court dismissed the action pursuant to 28 U.S.C. § 1915A because the complaint failed to state a claim upon which relief may be granted. Clay appeals and we affirm.
 
 
 2
 While awaiting trial on two separate state robbery charges in Chicago, Clay contacted the FBI and offered to provide information on various organized crime figures in exchange for the FBI's assistance in obtaining exculpatory information to prove Clay's innocence of the robbery charges. Although FBI agent, Scott Jennings, arranged for Clay's trial date for one of the robbery charges to be continued, Clay's trial commenced before the FBI supplied Clay any information concerning his robbery charges. Clay was tried and convicted for one of the robberies. When Clay subsequently contacted Jennings, Jennings stated that he would help obtain an appeal bond for Clay, but that Clay would have to give the state some information in return. Clay eventually contacted Jennings about a murder in Wisconsin. Because the tip was based on hearsay, Jennings requested that Clay furnish an eyewitness. Clay then stated that he was a witness to the murder.
 
 
 3
 Clay alleges that Jennings and another FBI agent met him at the Cook County Jail in Chicago to discuss the Wisconsin murder. The agents informed Clay that because he was in custody in Illinois, Clay "would have to give Illinois something." Jennings told Clay that the FBI agents could get him the minimum sentence on his second robbery charge or concurrent sentences for his two robbery convictions. Clay then told the agents the details about the Wisconsin murder and about a triple homicide in Chicago, stating that he was an eyewitness to both. Clay alleges Jennings assured him he would not be prosecuted for the Illinois and Wisconsin murders.
 
 
 4
 Jennings arranged to have Clay's sentencing hearing on his robbery conviction continued and had Clay transferred from the Cook County Jail to the federal Metropolitan Correctional Center (MCC) in Chicago. Jennings arranged for Clay to talk to an Assistant United States Attorney at which time Clay explained the Wisconsin murder. The Assistant United States Attorney presented Clay's testimony to a grand jury. Shortly thereafter, Clay met with Jennings and Chicago police detectives at the MCC. Clay explained the Chicago homicides to the detectives.
 
 
 5
 Clay was sentenced to nine years for the two robbery convictions--he pleaded guilty to the second robbery receiving a concurrent sentence to the first robbery conviction. The sentence was three years longer than Jennings had represented to Clay. Later, he was charged and convicted of participating in both the Wisconsin and Chicago murders and was sentenced to life imprisonment and 60-180 years' imprisonment respectively.
 
 
 6
 Clay now sues Jennings, other FBI agents, and an Assistant United States Attorney alleging that the defendants' conduct violated his constitutional rights. Although there is some question as to what this court's standard of review should be for dismissals under 28 U.S.C. §§ 1915A and 1915(e)(2), we conclude that under either the de novo standard or abuse of discretion standard, the district court properly dismissed Clay's complaint. See Mathis v. New York Life Ins. Co., 133 F.3d 546, 547 (7th Cir.1997).
 
 
 7
 We construe Clay's pro se complaint liberally, accepting all well-pleaded allegations as true, and drawing all reasonable inferences in favor of Clay. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir.1997). In his complaint, Clay alleges that Jennings gave perjured testimony at Clay's murder trial when he stated that Clay's confession to the Illinois murders did not occur in the course of plea negotiations. Clay cannot bring this claim in his Bivens action because the doctrine of testimonial immunity provides that witnesses, including police officers, have absolute immunity from liability in civil actions for their alleged perjured testimony at a criminal trial. Briscoe v. LaHue, 460 U.S. 325, 333, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); Curtis v. Bembenek, 48 F.3d 281, 285 (7th Cir.1995). In any event, Clay knew that Jennings was an FBI agent and not a state prosecutor. As an FBI agent, Jennings had no authority to enter into a plea agreement with Clay. In addition, Clay does not allege that Jennings misrepresented his office or authority, i.e., that Jennings represented that he had the authority to plea bargain with Clay on the state charges.
 
 
 8
 Clay also alleges that he was inadequately advised of his Miranda warnings. Clay's argument, however, fails to state a claim upon which relief may be granted. Miranda warnings are prophylactic rules designed to protect a suspect's Fifth Amendment rights; Miranda warnings are not themselves the constitutional right to be free of self-incrimination. See Davis v. United States, 512 U.S. 452,458 (1994). Therefore, the failure to give Miranda warnings does not create liability in prisoner civil rights actions because Miranda warnings are not themselves constitutionally required. See Hensley v. Carey, 818 F.2d 646, 649-50 (7th Cir.1987) (in § 1983 action inadequate Miranda warnings not violative of constitutional right); see also Wilkins v. May, 872 F.2d 190, 194 (7th Cir.1989) (analyzing Fifth Amendment right against self-incrimination in Bivens action). Clay also alleges that he was coerced into relinquishing his privilege against self-incrimination, and was, therefore, wrongfully convicted of murder. However, in order to bring a Bivens action alleging a wrongful conviction, Clay must allege that his conviction had been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); see also Clemente v. Allen, 120 F.3d 703, 705 (7th Cir.1997). Because Clay does not allege that his conviction has been reversed or otherwise called into question as articulated by Heck, he may not seek damages for any violation of his right against self-incrimination.
 
 
 9
 Last, Clay alleges that the other defendants knew that their activity constituted a conspiracy to deny him equal protection of the law and was an obstruction of justice. Because the facts as alleged do not establish that the defendants knowingly conspired or obstructed justice, Clay cannot show that his constitutional rights were violated. As such, the defendants are shielded from Clay's civil suit by qualified immunity. Chan v. Wodnicki, 123 F.3d 1005, 1007-08 (7th Cir.1997), cert. denied, --- U.S. ----, 118 S.Ct. 1054, 140 L.Ed.2d 117 (1998).
 
 
 10
 Therefore, the district court judgment is AFFIRMED.
 
 
 
 *
 On the appellees' motion for an order of non-involvement on appeal due to lack of service in the district court, this court concluded that there were no appellees to be served in this appeal and that the appeal would be submitted without the filing of a brief by any appellee. After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 For purposes of an immunity analysis, Bivens actions are not distinguished from civil rights suits brought pursuant to 42 U.S .C. § 1983. Walrath v. United States, 35 F.3d 277, 281 n. 1 (7th Cir.1994)