Frank Juan CHAVEZ, Plaintiff–
Appellant,

v.

Larry TRUESDALE, et al.,
Defendants–Appellees.

No. 01–3042.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 1, 2002.*

Decided Feb. 1, 2002.

Before COFFEY, MANION, and
WILLIAMS, Circuit Judges.

## ORDER

Federal inmate Juan Chavez brought
suit arguing that prison officials (1)
usurped judicial authority by scheduling
payment of restitution ordered by the sen-
tencing court, (2) withdrew money from his
prison account for restitution even though
he was exempt from payment, and (3) con-

---

* After an examination of the briefs and the
record, we have concluded that oral argu-
ment is unnecessary. Thus, the appeal is
submitted on the briefs and the record. *See*
Fed. R.App. P. 34(a)(2).

spired to mishandle the grievance he attempted to file. The district court dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), but we conclude that further proceedings are necessary. Accordingly, we vacate and remand.

Chavez is serving prison terms totaling life plus 31 years at the United States Penitentiary at Terre Haute, Indiana. At sentencing in 1983, the district court in Arizona ordered him to pay restitution of $2,650 "immediately to the extent possible and then in regular monthly installments of not less than $25," and also imposed special assessments totaling $200 and payable "immediately." To facilitate the payment of restitution, prison officials at Terre Haute developed a payment schedule for Chavez, using procedures delineated by the Inmate Financial Responsibility Program (IFRP). 28 C.F.R § 545.10–11. For reasons unclear from the record, prison officials later placed Chavez on "refusal" status, indicating that he would not comply with his payment plan.

Unhappy with the prison's application of the IFRP, Chavez filed an informal grievance that was denied, and then tendered a formal grievance to a prison official for filing. Chavez alleges that this grievance was returned to him unfiled and that his two administrative appeals were subsequently denied because the formal grievance had not been properly filed. Chavez then turned to federal court.

■ Although Chavez labeled his suit as a civil rights action, it is in essence a challenge to the execution of his sentence and as such must be addressed as a petition for habeas corpus under 28 U.S.C. § 2241. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998). Exhaustion of administrative remedies is normally a prerequisite to seeking relief under § 2241, *see Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir.1997), but Chavez com-

plains that his efforts to exhaust were impeded and in any event the requirement is not jurisdictional, *see Schiselman v. United States Parole Comm'n*, 858 F.2d 1232, 1234 n. 1 (7th Cir.1988).

■ Chavez principally contests the authority of the Bureau of Prisons (BOP) to schedule restitution payments where the sentencing court already set a schedule for him. Chavez was ordered to pay "immediately to the extent possible" *and* "at the rate of not less than $25 per month." As the district court stated, we have held that an IFRP payment schedule is not a usurpation of judicial power where the sentencing court ordered payment immediately "to the extent possible." *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir.1999). But the order here to pay "not less than $25 per month" is more akin to the order to pay "equal monthly installments" in *United States v. Pandiello*, 184 F.3d 682, 688 (7th Cir.1999), which we held to be an illegal delegation of judicial authority to the IFRP. Chavez thus has a colorable claim for relief, and the district court accordingly must revisit the issue of whether the sentencing court inappropriately delegated its authority.

■ Chavez also claims that, irrespective of how the BOP scheduled his restitution payments, he became exempt from paying his restitution five years after sentencing and that the BOP thus was illegally taking money from his prison account. The basis for Chavez's assertion is unclear, but this too is a challenge to the execution of his sentence that the district court must address in the first instance on remand. Of course, as with Chavez's first claim, we express no opinion as to the ultimate merit of his contention, and hold only that Chavez's petition warrants further development in the district court. On remand the district court should dismiss as defendants

all but James Cahill, because as the warden of Terre Haute he is the only proper defendant in Chavez's § 2241 action. *See Jackson v. Brennan*, 924 F.2d 725, 727 n. 2 (7th Cir.1991).

Finally, in his district court filing Chavez also asserts claims under 42 U.S.C. § 1983, including that he was deprived of access to the courts when his formal grievance was returned unfiled. If Chavez wants to pursue these claims, he must file a § 1983 action separate from the present § 2241 petition. For purposes here, we note only that this court has never decided whether a denial-of-access-to-the-courts claim may be premised on interference with a prison grievance system, but regardless such a claim seems improbable here because Chavez would be unlikely to establish the prejudice that is an element of any such claim. *See Nance v. Vieregge*, 147 F.3d 589, 591 (7th Cir.1998). But we need not decide this question because Chavez must raise his access-to-the-courts claim in a separate § 1983 filing.

Accordingly, we VACATE the district court's judgment and REMAND the case to the district court for further proceedings consistent with this opinion.