**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 9, 2005[*]
Decided May 16, 2005

**Before**

**Hon.** THOMAS E. FAIRCHILD, *Circuit Judge*

**Hon.** RICHARD A. POSNER, *Circuit Judge*

**Hon.** MICHAEL S. KANNE, *Circuit Judge*

No. 04-3771

|  |  |
|---|---|
| MORRIS T. LEWIS, <br>     *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois |
| *v.* | No. 04-1158 |
| UNITED STATES PAROLE COMMISSION and RICK V. VEACH, Warden,[**] <br>     *Defendants-Appellees.* | Michael M. Mihm, <br> *Judge.* |

**ORDER**

For the second time Morris Lewis has filed a petition under 28 U.S.C. § 2241 arguing that he should be released from prison because he is currently serving a term of imprisonment on a "void" judgment and commitment order. Treating it as a petition challenging the validity of his conviction, it was partially dismissed for lack of jurisdiction. Believing that Lewis was also challenging the calculation of his sentence, the court addressed that argument on the merits and denied the

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

[**]Pursuant to Federal Rule of Appellate Procedure 43(c), we have substituted Rick Veach for Suzanne Hastings as the named respondent.

remainder of the petition.  Lewis now appeals only the dismissal for lack of jurisdiction.

Lewis incurred two convictions that are relevant to this case, one in the Northern District of Illinois in February 1980 and one in the Northern District of Indiana in July 1980.  He was sentenced to serve 25 years for the first conviction and 20 years for the second, which was to run consecutive to the first.  Lewis was paroled in 1989, but he violated his parole and was returned to custody to serve the balance of his two sentences.  (His crimes predated the 1987 Sentencing Reform Act, which eliminated parole in the federal system).  Lewis contends now that he is entitled to mandatory parole because he served two-thirds of his February 1980 sentence.  He argues that the judgment and commitment order for his July 1980 sentence is invalid because it was not signed by the clerk of the court or affixed with the court's seal.  He contends that he is thus is not required to serve that sentence at all, or at least not unless the errors in the judgment and commitment order are corrected.

Lewis made a nearly identical argument in a previous petition.  He argued before that he did not have to serve the July 1980 sentence because the judgment and commitment order was void and he was thus never properly committed to the custody of the Attorney General for service of his sentence.  The district court concluded that Lewis's challenge to the validity of the judgment and commitment order was a challenge to the validity, not execution, of the sentence, so Lewis had to bring the argument under 28 U.S.C. § 2255 instead.  *See Lewis v. Ciolli*, No. 03-1040 at 3 (C.D. Ill. May 21, 2003); *see also Thurman v. Gramley*, 97 F.3d 185, 187 (7th Cir. 1996) *overruled on other grounds by Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000).  Lewis appealed that court's decision and we summarily affirmed.  *See Lewis v. Hastings*, No. 03-2639 (7th Cir. Nov. 12, 2003) (unpublished order).

In this case Lewis is making a very similar argument: that the judgment and commitment order from his July 1980 conviction is void because it lacked the seal of the court and the signature of the clerk of the court, which, in his opinion, are required under 28 U.S.C. § 1691.  The district court reached the same conclusion that it had previously—that Lewis's attack on the validity of the judgment and commitment order targets the validity, not execution, of his sentence, and is thus inappropriate in a § 2241 petition.  The district court also generously construed Lewis's petition to assert a proper § 2241 argument.  Specifically, assuming the validity of the July 1980 conviction, the United States Parole Commission was miscalculating his parole date in executing his sentence.  Such an argument would be proper under § 2241 because it challenges the execution of the sentence.  *See Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997).  We are not convinced that Lewis ever raised that argument in the district court, but we will not consider the propriety of the district court's interpretation because Lewis is certainly not

challenging the execution of his sentence here. On appeal Lewis's entire argument rests on the premise that the judgment and commitment order for the July 1980 conviction is invalid. As the district court and this court have said three times already, Lewis's contention that the judgment and commitment order is defective and unenforceable is an attack on the validity of the sentence, not the execution of it. Lewis may bring that argument only in a § 2255 petition in the Northern District of Illinois where he was convicted. We stand by our previous decision that Lewis's argument targets the validity of the sentence as the law of the case. *See Peoples v. United States*, No. 03-2774, 2005 WL 767062, at *2 (7th Cir. Apr. 6, 2005). We agree with the district court that it lacked jurisdiction to consider the argument in a § 2241 petition.

Because Lewis has already litigated a § 2255 petition, *see United States v. Lewis*, Nos 79-CR-579-3, 94-C-1419, 1994 WL 622182 (N.D. Ill. Nov. 7, 1994), he must seek permission from this court to litigate a second one, 28 U.S.C. § 2244(b). He may not circumvent that requirement by repeatedly bringing his argument under § 2241. We AFFIRM the district court's dismissal of Lewis's petition for lack of jurisdiction. Lewis has not challenged the district court's denial of the remainder of his petition.