**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 26, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL LAWRENCE, CARROLL
GREGG, and WILLIAM WETMORE,

Plaintiff-Appellants,

v.

THE HONORABLE ALLEN
McCALL, and THE COMANCHE
COUNTY DISTRICT COURT; THE
HONORABLE TWYLA GRAY, THE
HONORABLE JERRY D. BASS, and
THE OKLAHOMA COUNTY
DISTRICT COURT; THE
HONORABLE JOHN W. MICHAEL,
and THE GARFIELD COUNTY
DISTRICT COURT; THE
HONORABLE CHARLES S.
CHAPEL, and THE OKLAHOMA
COURT OF CRIMINAL APPEALS,

Defendants-Appellees.

No. 07-6054

(W.D. of Okla.)

(D.C. No. CV-06-1266-F)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material

(continued...)

Michael Lawrence, Carroll Gregg, and William Wetmore bring this *pro se* civil rights appeal under 42 U.S.C. § 1983. The plaintiffs seek declaratory and injunctive relief against several Oklahoma judges and courts. They contend that Oklahoma's sentencing procedures for defendants convicted of more than one offense violate the Sixth Amendment. We agree with the district court that the plaintiffs failed to state a claim upon which relief may be granted, and DISMISS this appeal.

## I. Background

The parties are familiar with the facts and procedural history of this appeal. The plaintiffs in this case are linked together in that each has been convicted of more than one offense under Oklahoma law and sentenced to consecutive, rather than concurrent sentences. The court in each case sentenced plaintiffs pursuant to Oklahoma statutory language:

> **If the defendant has been convicted of two or more offenses, before judgment on either, the judgment may be that the imprisonment upon any one may commence at the expiration of the imprisonment upon any other of the offenses. Provided, that the sentencing judge shall, at all times, have the discretion to enter a sentence concurrent with any other sentence.**

Okla. Stat. tit. 22, § 976.

---

[**]*(...continued)*
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

The plaintiffs challenge the statute's delegation to state judges of the power to sentence criminal activity concurrently or consecutively when a conviction includes multiple counts or multiple cases of criminal activity. They suggest that Supreme Court precedents grant criminal defendants the right to have their total punishment, including the consecutive or concurrent decision, decided by a jury. Plaintiffs seek declaratory relief declaring the statutory language unconstitutional and injunctive relief granting them new sentencing hearings.

The magistrate judge disposed of the plaintiffs' claims for failing to state a claim upon which relief may be granted as required by 28 U.S.C. § 1915A(b)(1). The magistrate judge determined the § 1983 claims were, in essence, an attempt at habeas relief. Under well established Supreme Court precedent, § 1983 claims that, if successful, would require the plaintiff to be released from prison are in fact habeas requests, and must be dismissed. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997), *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

The district court adopted the magistrate judge's Report and Recommendation, but noted the plaintiffs' § 1983 claims for prospective injunctive relief would not be barred, since a grant of prospective relief would not imply the invalidity of the prior sentences. The court found, however, that the plaintiffs' claims for prospective relief should be dismissed because the plaintiffs failed to allege facts indicating they were subject to pending criminal charges that

might result in future sentencing proceedings from which a grant of prospective

relief would be proper. *See Los Angeles v. Lyons*, 461 U.S. 95, 105–06 (1983).

## II. Analysis

Under Section 1915A(b)(1), "[a] complaint is subject to dismissal for

failure to state a claim if the allegations, taken as true, show that plaintiff is not

entitled to relief." *Jones v. Bock*, 127 S. Ct. 910, 921 (2007).

We agree with the district court that plaintiffs' claims are barred by *Heck v.

Humphrey*. The plaintiffs seek to distinguish their claims from those of *Heck* and

the other cases relied upon by the magistrate judge by referring to the Supreme

Court's recent decision in *Wilkinson v. Dotson*, 544 U.S. 74 (2005). In that case,

the Supreme Court held prisoners were not barred from challenging the

constitutionality of state parole procedures through § 1983 declaratory and

injunctive relief. The Court distinguished the facts in *Wilkinson* from its prior

precedent by noting a successful challenge only meant the plaintiffs would

receive accelerated consideration for parole, but did not imply the invalidity of

their underlying conviction or sentence, claims that would have to be pursued

under habeas law. *Id.* at 82. The challenge raised by the plaintiffs here would

provide them with a new sentencing hearing—rather than a new parole hearing—

abetting what the *Wilkinson* court recognized *Heck* prohibited, a § 1983 suit

"where a favorable judgment would necessarily imply the invalidity of

[plaintiffs'] conviction *or sentence*." *Id.* at 83 (emphasis in original) (citing

-4-

*Heck*, 512 U.S. at 487). By finding the sentencing procedures used by Oklahoma here unconstitutional, we would invalidate the plaintiffs' prior sentences. *Heck* does not allow us to so act. *Cf. Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (challenge to concurrent or consecutive sentence in *Bivens* action barred by *Heck* as challenge to sentence's duration). Seeking a writ of habeas corpus is the proper avenue.

Finally, while the plaintiffs correctly assert that *Heck* does not bar them from seeking prospective relief, the district court noted they have offered no evidence that they risk facing the allegedly unconstitutional sentencing procedures in the future and thus *Lyons*, 461 U.S. at 105–06, counsels against letting a prospective relief claim go forward. We agree with that assessment.

### III. Conclusion

For the reasons above we AFFIRM the decision of the district court and DISMISS this appeal. In addition, we DENY plaintiffs' application to proceed *in forma pauperis* as moot in light of the fully paid filing fee.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge

-5-