FILED
United States Court of Appeals
Tenth Circuit

**March 4, 2008**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAY ALLEN FREY, also known as
Jeff Lemley, also known as Jay A.
Lemley, also known as Aaron Lemley,
also known as Aaron Frey,

        Plaintiff - Appellant,

    v.

ADAMS COUNTY COURT
SERVICES; JOHN DOE & JANE
DOE 1-10; CAPTAIN GONZALES;
COMPLETE CASE MANAGEMENT
STAFF OF D.O.C.; JOHN DOE &
JANE DOE 10-20; 17TH JUDICIAL
DISTRICT COURT; ADAMS
COUNTY JUDGE HARLON R.
BOCKMAN; COLORADO
DEPARTMENT OF CORRECTIONS;
ARISTEDES W. ZAVARAS; U.S.
DEPARTMENT OF JUSTICE; U.S.
ATTORNEY JUDITH SMITH;
GOVERNOR BILL RITTER, Colo.
D.O.C. [sic],

        Defendants - Appellees.

No. 07-1326

(D. Colorado)

(D.C. No. 07-cv-00679-ZLW)

---

**ORDER AND JUDGMENT**[*]

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value

(continued...)

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Jay Allen Frey, an inmate in the custody of the Colorado Department of Corrections (CDOC), filed an action under 42 U.S.C. § 1983 in the United States District Court for the District of Colorado against the CDOC and various federal and Colorado agencies and officials, contending that the defendants violated his constitutional rights. The district court dismissed Mr. Frey's complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B) and denied him permission to proceed *in forma pauperis* on appeal, *see* § 1915(a)(3). Mr. Frey appeals the court's dismissal. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Mr. Frey pleaded guilty in federal court on December 1, 2005, to unlawful possession of a firearm by a prohibited person, *see* 18 U.S.C. § 922(g), and was sentenced on March 9, 2006, to 57 months' imprisonment. On July 27, 2006, he was convicted in Colorado state court of vehicular eluding, child abuse, and driving under the influence, and was sentenced to four years' imprisonment. The state judgment provides that his "sentences are to be served in federal prison." R. Doc. 10 at 10.

---

*(...continued)
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

On April 30, 2007, Mr. Frey filed his initial § 1983 complaint, in which he raised various claims regarding his convictions, prison conditions, and the execution of his sentences. Because the district court found Mr. Frey's complaint "prolix and confusing," R. Doc. 8 at 2, it ordered him to file an amended complaint. The court advised him, among other things, that he may challenge conditions of confinement under § 1983, the validity of his conviction or sentence under 28 U.S.C. § 2254, and the execution of his sentence under 28 U.S.C. § 2241.

On July 3, 2007, Mr. Frey filed an amended complaint. He limited his claims to the following: (1) that his federal sentence should be served concurrently with his state sentence and (2) that he should be serving his federal and state sentences in federal custody. He sought injunctive relief and damages. Attached to the amended complaint is a memorandum from a case manager supervisor at the CDOC, which states that he is to serve his Colorado sentence before serving his federal sentence and that his federal sentence is to be served consecutively to his state sentence.

We review a dismissal under § 1915(e)(2)(B) for an abuse of discretion. *See Schlicher v. Thomas*, 111 F.3d 777, 779 (10th Cir. 1997) (applying abuse-of-discretion standard to dismissal under § 1915(d), now codified at § 1915(e)(2)(B)(I)). We first consider his claim that his sentences should be served concurrently. To the extent that he seeks injunctive relief, success on this

claim would result in a speedier release from custody, so the claim cannot be pursued under § 1983 but must be pursued as a habeas claim under § 2241. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (claims for speedier release must be brought through habeas); *United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986) (claim that federal sentence ran concurrently with state sentence should be brought under § 2241). And insofar as he seeks damages, he has no cause of action until he obtains relief from the sentence. *See Heck v. Humphrey*, 512 U.S. 477 (1994); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (challenge to consecutive sentences barred by *Heck* as challenge to sentence's duration).

As for his claim that he should be serving his state sentence in a federal institution, he points to evidence that the state judge ordered such service, but he has not explained how disregard of that order violated any federal right. A § 1983 claim must be based on such a violation. *See Summum v. City of* Ogden, 297 F.3d 995, 1000 (10th Cir. 2002) (under § 1983, a plaintiff "must establish . . . a violation of rights protected by the federal Constitution or created by federal statute or regulation." (internal quotation marks omitted)). He therefore fails to state a claim.

We AFFIRM the judgment below. Mr. Frey's motion to proceed *in forma pauperis* is GRANTED.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge