NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 10, 2020*
Decided February 11, 2020

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-2786

| | |
|---|---|
| HEON SEOK LEE, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 18 C 8294 |
| HILLARY RODHAM CLINTON, et al. | Harry D. Leinenweber, |
| *Defendants-Appellees.* | *Judge.* |

## O R D E R

Heon Seok Lee, a Korean national, was extradited to the United States, where a jury found him guilty of five counts of wire fraud, 18 U.S.C. § 1343, and three counts of fraudulent importation of goods into the United States, 18 U.S.C. § 545. He was sentenced to twelve months' imprisonment. We affirmed Lee's conviction and sentence on appeal. *United States v. Lee*, 937 F.3d 797 (7th Cir. 2019). In the meantime, Lee sued

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

virtually everyone involved in his prosecution under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). He challenged the constitutionality of his extradition, detention, and prosecution on multiple grounds, alleging that he was extradited and detained without probable cause, that prosecutors and other federal officials conspired to present a false indictment to the grand jury, enter fake evidence at trial, and create a false presentence investigation report, and that the court lacked jurisdiction to prosecute him. Lee sought billions of dollars in damages and the dismissal of his indictment. The district court determined that Lee's claims necessarily implied the invalidity of his conviction or sentence and dismissed the complaint pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).[1]

On appeal, Lee's sole argument is that *Heck* does not bar his claims because a "void" or "null" judgment is different from an "invalid" judgment. But Lee's attempt to distinguish "void" from "invalid" is meritless. A plaintiff cannot seek damages in a civil suit that would call into question the lawfulness of a criminal conviction or sentence until that conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *See Heck*, 512 U.S. at 489; *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (applying *Heck*'s rationale to *Bivens* claims). Here, no judicial or executive officer has yet agreed that Lee's conviction is "void," so any claim for damages that would undermine it cannot proceed. *See Heck*, 512 U.S. at 485–87.

We note that Lee is no longer imprisoned, having been released in January 2019, but the *Heck* bar applies nonetheless. *Savory v. Cannon*, 947 F.3d 409, 420 (7th Cir. 2020) (en banc); *see McDonough v. Smith*, 139 S. Ct. 2149, 2159 (2019).

AFFIRMED

---

[1] The district court initially dismissed Lee's claims with prejudice. The court then granted in part a motion under Federal Rule of Civil Procedure 59(e), correctly amending the judgment to a dismissal without prejudice. *See Johnson v. Rogers*, 944 F.3d 966, 968 (7th Cir. 2019).