## NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 24, 2021[*]
Decided May 26, 2021

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-1226

| | |
|---|---|
| LEVI FOERDERER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 17-CV-429-SMY-RJD |
| | |
| T. MATHIAS, et al., | Staci M. Yandle, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Levi Foerderer, a federal inmate who had expressed concerns over his safety to prison officials, got into a violent altercation with his cellmate. A disciplinary hearing officer concluded that Foerderer started the fight and sanctioned him with the loss of good-time credit. Foerderer sued various officials under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for failing to protect him. The

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

district court entered summary judgment for all defendants on the ground that Foerderer's claims were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). We affirm.

Construing the record in his favor, *see Bridges v. Dart*, 950 F.3d 476, 478 (7th Cir. 2020), we describe the circumstances that led Foerderer to believe that his constitutional rights were violated. Throughout his first year at the Federal Correctional Institution in Greenville, Illinois, Foerderer periodically told prison officials that he feared for his safety based on his prior cooperation with law enforcement. He even showed them a copy of his criminal judgment, which alluded to past attacks on him and recommended that attention be paid to his safety.

After the one-year point in his incarceration, he was housed with cellmate Michael Perkins. The two remained civil until a contraband needle was discovered in their cell. The needle belonged to Foerderer, but Perkins was found guilty of possessing it. Tensions then rose between the men, prompting Foerderer to ask defendants for another cellmate. Later Perkins came across a printout of a news article referring to Foerderer's cooperation as a government witness. Perkins confronted Foerderer with the article and told him to move out of their cell if he "didn't want to get smashed." The next morning the two had a physical altercation in which punches were thrown. Foerderer was issued an incident report for committing assault with serious injury.

At a hearing on the matter, Foerderer and Perkins offered different versions of events. Foerderer insisted that he acted in self-defense. In his telling, he accidentally angered Perkins when he awakened him early one morning upon returning from a work shift. Perkins then climbed down from his top bunk, tripped and hit his head on a table, and proceeded to attack Foerderer. When Perkins grabbed his legs, Foerderer said he protected himself by punching Perkins until he could push Perkins out of the cell. Perkins, for his part, said that Foerderer assaulted him in his sleep by striking him in the head. When Perkins tried to get out of bed, he banged his head on something and was knocked unconscious. He awoke lying on the floor, and Foerderer continued to punch him until he fled from the cell in his underwear.

The disciplinary hearing officer credited Perkins's version of events that Foerderer was the aggressor and had not acted in self-defense. The hearing officer relied on the following evidence: video footage showing a disoriented Perkins stumble out of the cell in his underwear, medical records reflecting Perkins's need for emergency treatment for wounds to his head and face (contrasted with the minor injury Foerderer suffered to the hand he used to strike Perkins), and the results of an internal

investigation that fingered Foerderer as the assailant. The hearing officer also noted that Foerderer did not report to anyone that Perkins had information about his status as a cooperating witness and instead "[took] measures into his own hands." Based on the evidence, the hearing officer concluded that Foerderer committed "Assault with Serious Injury," and sanctioned him with the loss of good-conduct time.

Foerderer then brought this *Bivens* action against several prison officials for failing to protect him from Perkins in violation of the Eighth Amendment. These defendants, he asserted, knew that he had acted as a government witness and had been attacked for it; failed to prevent Perkins—a known violent inmate—from being placed in his cell; and, despite his objections, failed to prevent him from being attacked by Perkins. Perkins's attack, he continued, left him no choice but to defend himself.

The officers moved for summary judgment based on *Heck*, which bars a plaintiff in an action under 42 U.S.C. § 1983 from pursuing a claim for relief that necessarily implies the invalidity of a criminal conviction, unless that conviction has been set aside or invalidated. 512 U.S. at 486–87; *see Edwards v. Balisok*, 520 U.S. 641, 645–46 (1997) (extending *Heck* to prison disciplinary decisions); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (applying *Heck* to *Bivens* actions). Foerderer countered that his action was not barred by *Heck* (or *Edwards*) because the hearing officer's finding that he started the fight was not necessary to impose sanctions; the hearing officer, he maintained, could have sanctioned him for assault based merely on his admission that he hit Perkins in self-defense.

Over Foerderer's objections, the district judge adopted the magistrate judge's recommendation that Foerderer's action was *Heck*-barred and granted summary judgment for the defendants. As the district court explained, Foerderer's failure-to-protect claim—which presumed that Perkins instigated the attack—directly contradicted the hearing officer's finding that Foerderer attacked Perkins.

On appeal, Foerderer challenges the district court's application of *Heck* and maintains that his admission to hitting Perkins could have enabled the disciplinary hearing officer to sanction him for assault even without finding that he had instigated the fight. But this argument misapprehends the standard set forth in *Heck*. The relevant inquiry is not whether he could be found guilty of assault even were he not the aggressor, but whether the factual basis of his claim is inconsistent with the determination in his prison-discipline case. *See Heck*, 512 U.S. at 486–87; *see also Moore v. Mahone*, 652 F.3d 722, 724–25 (7th Cir. 2011) (suit barred by *Heck* where allegations were

"in tension with the disciplinary board's findings"). Here, the factual basis of Foerderer's failure-to-protect claim—that he merely defended himself against Perkins's attack—conflicts with the disciplinary decision against him. The hearing officer's finding that Foerderer attacked Perkins while he slept formed the basis of the decision to sanction Foerderer with the loss of good-conduct time. Indeed, the decision emphasized that Foerderer was "the perpetrator in this case, not the victim" and that there was no evidence that he acted in self-defense. That essential finding cannot be squared with the premise underlying Foerderer's claim that he was the one in need of protection. *See Moore*, 652 F.3d at 724–25.

AFFIRMED