NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 20, 2021[*]
Decided October 20, 2021

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 21-1221

| | |
|---|---|
| ANDREW JOHNSTON,<br>    *Plaintiff-Appellant*,<br><br>    *v.*<br><br>FRANCES WARD and REBECCA R.<br>PALLMEYER,<br>    *Defendants-Appellees*. | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division.<br><br>No. 20-cv-07247<br><br>Andrea R. Wood,<br>*Judge*. |

**O R D E R**

Andrew Johnston, a federal prisoner, appeals the dismissal of his civil suit against the judge who presided over his criminal trial and her court reporter. He alleges

---

[*] We have agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

that they violated his constitutional rights during the proceedings. The district court dismissed the complaint as barred by *Heck v. Humphrey.* 512 U.S. 477 (1994). We affirm.

After we upheld his conviction for attempted bank robbery, see *United States v. Johnston*, 814 Fed. App'x 142, 144 (7th Cir. 2020), cert. denied, 141 S. Ct. 1257, 1257–58 (2021), Johnston brought this action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against the presiding judge and her court reporter. He alleged that during his criminal trial, the judge ordered the court reporter to alter the proceedings' transcripts by omitting key portions of testimony favorable to him. These omissions, he added, violated his Fifth Amendment right to due process and reflected judicial bias that entitled him to acquittal as a matter of law.

At screening, the district court determined that the suit was premature because Johnston's claim, if true, would necessarily invalidate his conviction. See *Heck*, 512 U.S. at 487. To the extent that any omissions in the transcript resulted from the judge's rulings, the court added that the doctrine of judicial immunity conferred absolute immunity on her.

On appeal, Johnston presses his *Bivens* claim without any discussion of the district court's *Heck* analysis. We have long held that similarities between *Bivens* actions and suits under 42 U.S.C. § 1983 warrant the application of *Heck* to *Bivens* claims. See *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997). A ruling that a judge was biased would "necessarily imply the invalidity" of a prior conviction. *Heck*, 512 U.S. at 487; *Edwards v. Balisok*, 520 U.S. 641, 647 (1997). Unless and until his conviction is set aside,[1] Johnston may not seek damages for alleged judicial bias. *Savory v. Cannon*, 947 F.3d 409, 417–18 (7th Cir. 2020) (en banc).

One final matter warrants discussion. In our December 2019 order denying Johnston's petition for a writ of mandamus, we warned Johnston—for a third time— that "further frivolous filings may result in the imposition of sanctions and a filing bar." *United States v. Johnston*, No. 19-3376 (7th Cir. Dec. 13, 2019). This appeal is frivolous. Johnston knew when he appealed that the district court had found his claim *Heck*-barred, but he appealed anyway without even addressing *Heck* in his brief. We order Johnston to show cause within fourteen days why he should not be sanctioned $1,000 for filing a frivolous appeal, the nonpayment of which will result in this court directing

---

[1] Johnston's petition for habeas corpus relief has been denied, and his appeal is pending. *Johnston v. United States*, No. 21 C 02720, 2021 WL 2550071, at *1 (N.D. Ill. June 22, 2021), appeal docketed, No. 21-2257 (7th Cir. July 8, 2021).

the clerks of all federal courts in this circuit to return unfiled any papers submitted by him or on his behalf until he pays the sanction in full. See *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

AFFIRMED