NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 17, 2007[*]
Decided April 19, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 06-3022

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>ANGEL FIGUEROA,<br>*Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 02 CR 416<br><br>Wayne R. Andersen,<br>*Judge*. |

**O R D E R**

Angel Figueroa was arrested and charged by complaint with conspiracy to possess heroin with intent to distribute. 21 U.S.C. §§ 846, 841(a)(1). Five months later, the Grand Jury indicted Figueroa for the conspiracy along with a substantive possession count, *id*. § 841(a)(1), and one count of possessing a firearm during the drug offenses, 18 U.S.C. § 924(c)(1). Eighteen months after indictment Figueroa proceeded to trial with his third appointed lawyer. The jury found him guilty on the conspiracy count but acquitted on the firearm count and could not reach a verdict

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

on the drug-possession count. After nearly two-and-a-half more years and four more changes of counsel (Figueroa demanded the withdrawal of the first successor to his trial lawyer, and the following three lawyers moved to withdraw citing irreconcilable differences), the district court finally sentenced Figueroa to a total of 240 months' imprisonment. In the interim, Figueroa had filed an unsuccessful motion in which he argued for the first time that his statutory and constitutional rights to a speedy trial had been denied. He presses the same contentions in this pro se appeal.

Figueroa argues that because he was not indicted within 30 days from his arrest, and was not tried within 70 days from his indictment (excluding time exempted by statute), his indictment must be dismissed under the Speedy Trial Act. *See* 18 U.S.C. §§ 3161(b), (c)(1), 3162(a). Figueroa, however, waived his rights under the Speedy Trial Act because he did not move to dismiss his indictment before trial. *See* § 3162(a)(2); *United States v. Morgan*, 384 F.3d 439, 442-43 (7th Cir. 2004). Figueroa's contention that he could not have acted before trial because he was not aware of the purported statutory violations is frivolous.

Figueroa also argues that the delay before his trial violated his Sixth Amendment right to a speedy trial. This argument was not waived by its untimely assertion, so we consider it. *See Barker v. Wingo*, 407 U.S. 514, 524-29 (1972) (stating that constitutional right to speedy trial must be waived knowingly and intelligently, not by omission); *United States v. Alvarez*, 860 F.2d 801, 821-22 (7th Cir. 1988) (considering constitutional speedy trial claim not raised before trial); *United States v. Kinberlin*, 805 F.2d 210, 225-26 (7th Cir. 1986) (same). The two-year delay between Figueroa's arrest and trial was long enough to be presumptively prejudicial, and thus the delay triggers the need for constitutional analysis. *See Doggett v. United States*, 505 U.S. 647, 651-52 (1992); *United States v. White*, 443 F.3d 582, 589-90 (7th Cir. 2006); *see also United States v. MacDonald*, 456 U.S. 1, 7 (1982) (explaining that right to speedy trial under Sixth Amendment commences with the earlier of arrest or formal accusation). Courts examine four factors in assessing a constitutional claim: (1) whether the delay before trial was uncommonly long; (2) whether the government or defendant is more to blame for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether the defendant suffered any prejudice in the form of oppressive pretrial incarceration, anxiety and concern, or the impairment of his defense. *See Doggett*, 505 U.S. at 651-52; *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *White*, 443 F.3d at 589.

The factors reveal that there was no constitutional violation in this case. First, though two years is a significant delay, it does not nearly approach the excessive nine years condemned by the Supreme Court in *Doggett* or even the acceptable five years in *Barker*. Second, the record shows that the government dealt with pretrial matters in a diligent and timely way, and that Figueroa changed

counsel several times. Figueroa has not shown that there was any stalling by the government or anything other than "neutral" delay due to ordinary procedures and scheduling conflicts. *See Barker*, 407 U.S. at 531; *White*, 443 F.3d at 590. Third, Figueroa did not raise any speedy-trial objection prior to trial; that decision weighs heavily against him because it suggests his assent to the delays and the absence of any resulting prejudice. *Barker*, 407 U.S. at 531; *White*, 443 F.3d at 591. Fourth, Figueroa points to no "tangible impairment" caused by the delays. *See White*, 443 F.3d at 591. He makes a vague assertion that "memories faded," but he introduced no evidence at trial and does not identify any evidence that was tainted by time. Additionally, he was detained only two-and-a-half months between arrest and conviction.

Lastly, Figueroa argues for the first time here that the delay between his arrest and indictment violated his right to due process under the Fifth Amendment. The Due Process Clause protects against delay before formal accusation; it has no relevance to the period after Figueroa was arrested and charged by complaint with conspiracy. *MacDonald*, 456 U.S. at 7; *United States v. Wallace*, 326 F.3d 881, 885-86 (7th Cir. 2003); *United States v. Dickerson*, 975 F.2d 1245, 1252 (7th Cir. 1992).

AFFIRMED.