**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 3, 2010[*]
Decided September 14, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 09-2197

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court |
| *Plaintiff-Appellee,* | for the Northern District of Illinois, Eastern |
| | Division. |
| *v.* | |
| | No. 07 C 6321 |
| ANGEL FIGUEROA, | |
| *Defendant-Appellant.* | Wayne R. Anderson, |
| | *Judge.* |

**O R D E R**

Angel Figueroa appeals from the district court's denial of his petition for collateral relief under 28 U.S.C. § 2255. The petition raises several challenges to his convictions and sentence, and we granted a certificate of appealability to resolve one of them: whether the

---

[*]This appeal is successive to case no. 06-3022 and has been submitted to this panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

district court adequately informed Figueroa of his right to counsel. We now affirm the district court's judgment.

Federal officers caught Figueroa trying to purchase heroin from a drug courier. Although Figueroa did not request assistance under the Criminal Justice Act, he received temporary representation from a federal defender at his initial appearance. The minute order reflecting his initial appearance notes in summary fashion that "defendant was informed of his rights." Figueroa retained counsel within a week of his arrest but replaced her less than a year later. It was with his second retained attorney that Figueroa proceeded to trial, where he was found guilty of the drug conspiracy.

Figueroa fired his trial counsel shortly after the verdict. Sentencing was delayed over two years as the court allowed Figueroa to retain and fire a succession of five more lawyers. Figuero understood his right to counsel, stating in writing to the court that he "has a Sixth Amendment Right to be represented by counsel at all critical stages of the defense." The court also advised him that he had the right to represent himself. Figueroa refused to attend the hearing on his final lawyer's motion to withdraw, so the district court locked in a date for sentencing and told the withdrawing lawyer to inform Figueroa that the date was firm and that he or a retained lawyer of his choice should plan to attend.

Figueroa appeared pro se at sentencing. The district court imposed a term of 240 months' imprisonment, the mandatory minimum. After announcing the sentence the court asked Figueroa if he wanted court-appointed counsel for appeal. Not wanting to spend more money on legal fees, Figueroa claimed that he did. The court offered to move quickly so that an attorney could "spring into action."

Despite the court's offer and Figueroa's professed desire for appointed counsel, he filed a timely notice of appeal pro se. Before briefing commenced we issued an order asking whether Figueroa wished to proceed on appeal without counsel or request an appointed attorney. His response was unequivocal: "It is the position of Appellant that he can perfect his appeal without counsel in this matter. As such, no request for appointment of counsel will be presented to the court for consideration." On direct appeal Figueroa's arguments focused on his right under the Speedy Trial Act to a timely indictment and trial; he did not raise an argument concerning his right-to-counsel. In his current petition, he contends he was denied his right to a timely indictment, his right to counsel at sentencing, and his right to counsel on appeal. The certificate of appealability limits our review to the question whether the district court adequately informed Figueroa of his right to counsel.

The record shows by Figueroa's conduct and words that he understood his right to counsel. Indeed, Figueroa squeezed all he could from the right, delaying his sentencing for

two years while he cycled through private attorneys.  When at last the court set a firm date for sentencing and presented him with two choices—hiring a lawyer or proceeding pro se —he chose the second, an implicit waiver of the first.  *See United States v. Alden*, 527 F.3d 653, 660 (7th Cir. 2008); *United States v. Oreye*, 263 F.3d 669, 670 (7th Cir. 2001).  True, the district court did not mention at the hearing before sentencing the familiar third option, that Figueroa may be entitled to an appointed lawyer, but Figueroa made no claim of indigency after over two years of retaining private attorneys.  In any case, the minute order from Figueroa's initial appearance, during which appointed counsel actually represented him, states that he was "informed of his rights."  We understand this to mean, based on the federal rules governing initial appearances, that he was informed of his right to request that counsel be appointed.  FED. R. CRIM. P. 5(d)(1)(B).  Therefore, we are satisfied that the court discharged its duty to inform Figueroa of his right to appointed counsel.

Figueroa also renews his argument that he was denied assistance of counsel on appeal when the district court failed to appoint a lawyer for his direct appeal.  We interpret this argument as an implicit request to expand the certificate of appealability, which was limited to whether the district court adequately informed Figueroa about his right to counsel.  We will amend a certificate of appealability only on a substantial showing of the denial of a constitutional right.  *See Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001).  Of course, Figueroa had a constitutional right to counsel on direct appeal, *see Evitts v. Lucey*, 469 U.S. 387, 402 (1985).  And the district court neglected to appoint a lawyer for his direct appeal after Figueroa requested one.  But before briefing proceeded on direct appeal, and therefore before the neglect could harm Figueroa, we gave him the option of requesting counsel.  He elected to proceed pro se, thereby intentionally abandoning his right to counsel.  Because of this express waiver, and because the constitutional right of self-representation at trial has no analog on appeal, *see Martinez v. Court of Appeals of California, Fourth Appellate Dist.*, 528 U.S. 152, 160-61 (2000), we decline to expand the certificate of appealability.

AFFIRMED.