NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2015[*]
Decided March 20, 2015

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 14-2649

| | |
|---|---|
| ANGEL FIGUEROA, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
|     *v.* | |
| | No. 13 CV 8375 |
| UNITED STATES OF AMERICA and | |
| VALARIE HAYS, | Joan B. Gottschall, |
|     *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Angel Figueroa, a federal inmate, appeals the dismissal of his suit under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), against the United States and a federal prosecutor who, he asserts, violated his constitutional right to a speedy trial. We affirm.

Figueroa's claims stem from preindictment delay in his criminal prosecution 13 years ago. In April 2002 he was arrested, but not until September was an indictment

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

returned. In the intervening five months, the government, through then-Assistant United States Attorney Valarie Hays, sought and received successive extensions of time under the Speedy Trial Act, once from Judge Kocoras and once from Judge Castillo, in which to seek an indictment. *See* 18 U.S.C. § 3161(b), (h)(7)(A). The indictment was returned only after the second extension of time, and in 2004 Figueroa was convicted of conspiring to distribute heroin. Two years later he was sentenced to 240 months' imprisonment, and his subsequent challenges to his conviction and sentence were unsuccessful. *United States v. Figueroa*, 228 F. App'x 611 (7th Cir. 2007) (direct appeal); *United States v. Figueroa*, 394 F. App'x 315 (7th Cir. 2010) (motion to vacate).

In this civil suit filed nine years after his conviction, Figueroa alleged that AUSA Hays's second motion for an extension of time falsely represented that Judge Aspen already had granted the government a 60-day extension of time under § 3161(h)(7)(A), and added, though without much elaboration, that Hays's deliberate misrepresentation resulted in a violation of his constitutional right to a speedy trial. He sought damages from both Hays and the United States (which he also sued under the Federal Tort Claims Act), as well as his immediate release from prison.

The district court dismissed the complaint on the basis of *Heck v. Humphrey*, 512 U.S. 477 (1994). As the court explained, the only remedy for a constitutional speedy-trial violation is dismissal of the indictment, *see Strunk v. United States*, 412 U.S. 434, 440 (1973), and that result necessarily would call his convictions into question. Hays, the court continued, enjoyed absolute prosecutorial immunity for her challenged actions because she made them in her role as an advocate for the state. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

On appeal Figueroa first argues that *Heck* does not apply to suits under *Bivens*. But we have long held that the similarities between *Bivens* actions and suits under 42 U.S.C. § 1983 warrant the application of *Heck* to *Bivens* claims. *See Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997).

Figueroa next argues, citing *Butz v. Economou*, 438 U.S. 478 (1978), that Hays should not enjoy absolute immunity in this case. This argument, too, is misplaced. The Court in *Butz* held that executive branch officials generally enjoy only qualified immunity in damages suits. 438 U.S. at 505. But the Court explicitly distinguished its holding in *Butz* from *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), which conferred absolute immunity on prosecutors from damages suits for actions taken as the State's advocate in a prosecution. Figueroa neither addresses *Imbler* nor suggests how Hays's

request for an extension of time in order to obtain an indictment was not consistent with her role as the State's advocate.

This appeal is Figueroa's third challenge to the government's requests for preindictment extensions of time in his criminal case. He is hereby warned that further frivolous litigation may result in sanctions. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

AFFIRMED.